PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOAQUÍN ZAYAS, Defendant and Appellant.[*]

No. 4187.    Argued November 18, 1930.—Decided December 19, 1930.
Rehearing denied January 30, 1931.

*Guillermo S. Pierluissi* and *R. Atiles Moreau* for appellant.   *R. A. Gómez* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

---

[*] NOTE.—On appeal to the United States Circuit Court of Appeals for the First Circuit, this decision was reversed.   See 56 F(2d) 336.

The complaint whereby this proceeding was commenced reads thus:

"Municipal Court of Juana Díaz, P. R.—United States of America, The President of the United States, ss.—The People of Puerto Rico v. Joaquín Zayas, a resident of Caonilla, Juana Díaz, P. R.

"I, Ramón Robles, Insular Guardsman No. 457, of Juana Díaz, P. R., residing at La Vida Street No. ___, of full age, bring this complaint against Joaquín Zayas, for a violation of the National Prohibition Act, committed as follows: That on the 31st of October, 1929, at 6 a. m., and in the ward of Caonilla of Villalba, P. R., of the Municipal Judicial District of Juana Díaz, P. R., which also forms a part of the Judicial District of Ponce, P. R. the said Joaquín Zayas, then and there, unlawfully, willfully and maliciously, violated the provisions of the National Prohibition Act, in force in Puerto Rico in conformity with the 18th amendment to the Constitution of the United States and with an Act of the Congress of the United States approved September 22, _1921, as amended on March 2, 1929, by having in his possession and custody as owner or guardian thereof, placed on a fire and distilling 'cañita' rum, which is an intoxicating liquor, appropriate for drinking, containing more than one-half of one per cent per volume, two complete stills, which were occupied and are placed at the disposal of this Honorable Court as evidence."

The District Court of Ponce, where the case was tried *de novo,* after hearing the evidence, sentenced the defendant to pay a fine of sixty dollars and costs, and in default of payment thereof to be confined in jail one day for each dollar left unpaid. Thereupon the defendant appealed.

The appellant has assigned six errors. But we do not deem it necessary to enter into a study and discussion of them, for the following reasons:

The point discussed and decided by a majority in *People of Puerto Rico* v. *Rodríguez,* 33 P.R.R. 379, which is plainly stated in the syllabus of the case, has been raised again within the Court. There it was said:

"A complaint for violation of the National Prohibition Act filed in a municipal court in the name of the United States, including also the name of The People of Puerto Rico, complies with the requirements of section 10 of the Jones Act."

The point under discussion in that case was the sufficiency of the complaint or information filed, not in the name of the United States directly and exclusively, and by a United States District Attorney, but in the following manner:

"Municipal Court of Humacao, P. R. United States of America, The President of the United States, SS. The People of Puerto Rico vs. Ramón Rodríguez, José Capele, Santos Rodríguez, Isidoro Cardona, Narciso Rodríguez.—I, Rafael Alarcón, Corporal, I. P., of age and residing on Principal Street, Las Piedras, P. R., complain against the said defendants for a violation of the National Prohibition Act, committed as follows: . . ."

It was there held that the complaint was sufficient, Justices Wolf and Hutchison dissenting.

There is no question about the power of the Congress of the United States to extend a federal statute to the territories; and there is no question either as to the power of the same legislative body to confer upon territorial courts jurisdiction, concurrent with federal courts, to take cognizance of and punish certain crimes and offenses. And thus we must concede that the laws hereinafter quoted are entirely constitutional:

1. Section 3 of the Act of November 23, 1921, passed by the Congress of the United States, and which reads as follows:

"That this Act and the National Prohibition Act shall apply not only to the United States but to all territory subject to its jurisdiction, including the Territory of Hawaii and the Virgin Islands; and jurisdiction is conferred on the courts of the Territory of Hawaii and the Virgin Islands to enforce this Act and the National Prohibition Act in such Territory and Islands."

2. The Act of the Congress of the United States, approved September 21, 1922, reading as follows:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That there be, and is hereby, conferred upon the Territorial magistrates and courts of Puerto Rico jurisdiction concurrent with the commissioners and

courts of the United States for the said Territory of all offenses under the Act of October 28, 1919, known as the National Prohibition Act, and all acts amendatory thereof and supplemental thereto, the jurisdiction of said territorial magistrates and courts over said offenses to be the same which they now have over other criminal offenses within their jurisdiction.''

The National Prohibition Act was made extensive to Puerto Rico as a federal law. This was the legal situation created by the Act of Congress, of 1921, which we have partially quoted. And that was also the power exercised by Congress: the extension of the act and the effects thereof, to certain territories. But not that of converting into a local law that which by its essence, its nature and even by its name (preserved by the law which extended it), was and is, a national and federal statute.

Did Congress, by the Act of 1922 which we have quoted, desire to give to the National Prohibition Act the character of a local law? Was there any necessity therefor? These are two problems whose decision involves a more apparent than real difficulty.

In the first place, in order that the National Prohibition Act be effective in Puerto Rico, the Act of 1922 was unnecessary, inasmuch as by the Act of 1921, Congress had made said Prohibition Act extensive to the territories under the jurisdiction of the United States. Therefore, the object or purpose of the Act of 1922 was not that of bringing to Puerto Rico the Prohibition Act, because that act was already in Puerto Rico.

Was it necessary to convert into a local law in Puerto Rico the National Prohibition Act? Evidently not; as without such conversion, it was in force here and here it produced its effects.

The Prohibition Act passed through the two acts of Congress above quoted without losing its character as a national law. The only thing provided in the second act

was simply to create in the insular courts of Puerto Rico concurrent jurisdiction and—

". . . . the jurisdiction of said territorial magistrates and courts over said offenses to be the same which they now have over other criminal offenses within their jurisdiction."

If the Federal Government somehow parted with, or delegated in any manner, any part of its power, the interpretation of the law wherein that was done could only be restricted. To the judges and courts of Puerto Rico a jurisdiction which they lacked was given; that was all that the act did, where no reference is made to proceedings, form of prosecution and punishment, or manner of acquiring jurisdiction in each case.

But the Act of 1922 did not deprive the violations of the National Prohibition Act of their character as federal crimes, nor did it deprive the United States of their right and duty to prosecute and proceed in such cases. It has not transferred to the people of Puerto Rico the power of the United States of America to prosecute such violations. And for that reason, no complaint or information in a case of that sort may be presented in the name of the people of Puerto Rico, but it must be brought in the name of the United States.

Is this difficulty overcome by the formula used in the complaints and informations, of which mention is made in *People* v. *Rodríguez, supra?* It is not. Let us see why.

Section 10 of our Organic Act, reads thus:

"Section 10.—That all judicial process shall run in the name of 'United States of America, ss, the President of the United States,' and all penal or criminal prosecutions in the local courts shall be conducted in the name and by the authority of 'The People of Puerto Rico'; and all officials shall be citizens of the United States, and, before entering upon the duties of their respective offices, shall take an oath to support the Constitution of the United States, and the laws of Puerto Rico."

It should be noticed that, facing the general expression "That all judicial process shall run in the name of 'United States of America,'" appears the special expression "and all penal or criminal prosecutions in the local courts shall be conducted in the name and by the authority of 'The People of Puerto Rico'"; which latter expression covers violations of local laws, but not those of federal laws. When a penal action before the courts of Puerto Rico is involved, it is unquestioned that the action is brought "in the name and by the authority of 'The People of Puerto Rico.'" The formula prescribed for judicial proceedings in general, is not sufficient to establish a justification for the local courts to proceed in cases of federal jurisdiction.

The complaint or information in so far as it refers to offenses, crimes or violations of federal laws, can only be brought in the name and by the authority of the United States of America.

The complaint in the instant case is not sufficient to give the court jurisdiction.

For the foregoing reasons, the judgment appealed from must be reversed and another judgment rendered acquitting the defendant.

Mr. Chief Justice del Toro and Mr. Justice Aldrey dissented.

ON MOTION FOR REHEARING.

Mr. Justice Texidor delivered the opinion of the Court.

We are asked by The People of Puerto Rico to reconsider our former judgment herein.

In one of the first paragraphs of the motion, which is subscribed by the *Fiscal* of this court and by the prosecuting attorney for the District of Arecibo, it is said:

"Before assigning the errors which, in our opinion, this Hon. Court committed in the decision of this case, we wish to state that the utmost interest of The People of Puerto Rico is to be heard on the question decided without being raised by any of the parties,

that is, that the information was insufficient because the action was brought in the name of the People of Puerto Rico and not in the name of the United States, and that this question be taken by the Court under advisement until a determination is made of the other point raised in the case of People v. Luciano Fuertes, closely connected therewith, to wit: Whether the sale of intoxicating liquours constitutes in Puerto Rico a felony or a misdemeanor, under the National Prohibition Act, as recently amended. In order to be more explicit, we want the Court to consider this case as undecided and that in deciding the other case of People v. Fuertes, it confirm or overrule the decision given in the instant case and at the same time decide the question raised therein.''

The question of jurisdiction has been raised by this court in the exercise of a constantly recognized and anciently consecrated right to raise and determine such a question, irrespective of whether the parties desired, could, or knew how to raise it. If there was any dearth of jurisprudence on this point, it would suffice to remember section 1141 of the Compiled Statutes of Puerto Rico (Act of March 12, 1903), which reads as follows:

''That the Supreme Court of Puerto Rico shall hereafter be a court of appeals and not a court of cassation. In its deliberations and decisions, in all cases, civil or criminal, said court shall not be confined to the errors of procedure or of law only, as they are pointed out, alleged or saved by the respective parties to the suit, or as set forth in their briefs and exceptions, but in furtherance of justice, the court may also take cognizance of all the facts and proceedings in the case as they appear in the record, and likewise consider the merits thereof, so as to promote justice and right and to prevent injustice and delay.''

A reading of this statutory provision will convince the reader that when a court is created, it is not restricted to a consideration of the legal questions raised by the parties, but that it is empowered to consider and decide whatever points it may find.

A slight examination of the jurisprudence of this court will reveal the fact that the question determined by our

former judgment in the instant case is not a novel one. The case of *People* v. *Rodríguez, supra,* decided in 1924, can not be easily ignored, especially as it is cited in our former opinion in this case. There a divergence of opinion arose among the members of the Court with regard to several important questions, of which the form in which the information should be presented was not the least important. The dissenting opinion maintained that the information should be brought in the name of the United States, and clearly expressed the scope of the law extending the National Prohibition Act to the territories and possessions. From the dissenting opinion of Mr. Justice Wolf, we quote the following excerpts:

"Under section 3 of the Act of 1921, supra, it is evident that the National Prohibition Law was extended to Puerto Rico as a Federal Act, and the Act of 1922 does not in terms purport to make the National Prohibition Law a local act, as has been maintained, but merely to give the local courts jurisdiction over the offenses enumerated in the National Prohibition Act. Nevertheless, it has been strongly contended that the intention of Congress by the Act of 1922 was to make the National Prohibition Act a local law. As we have seen, the said Act does not speak of the National Prohibition Law, but only of the offenses thereunder. The National Prohibition Act confers upon the courts certain other civil and equitable jurisdiction which in no sense has been conferred upon the local courts of Puerto Rico.

"Of the power of Congress distinctly to make the National Act a local law, of course I have no question. The question is whether Congress did so, or intended to do so. If my recollection serves me correctly, Congress at one time made the Penal Code of the state of Kansas, or some other state, a Penal Code for the Indian Territory, and of course Congress had this power and indicated it in unmistakable language. In the Act of September 21, 1933, *supra,* there is no expression of intention to make a local law of the National Prohibition Act. That the whole law was not intended to be a local act is a thought excluded by the fact that only the crimes mentioned in the National Prohibition Act should fall under the jurisdiction of the local courts."

It is unnecessary to discuss herein the most effective manner of converting a national act into a local one. Of course, we do affirm that extending a federal law to a territory does not deprive said law of its national character. The violation or the offense with regard to any of its precepts, provisions or prohibitions, is a violation of a national act; the extension thereof to a territory alters in no wise the nature of the crime.

Without wishing to be too strict in the interpretation of the statute, we may say that the Act of Congress of September 21, 1922, did nothing else than to extend the jurisdiction of the territorial courts of Puerto Rico so as to include the cognizance of violations and offenses which were not formerly within such jurisdiction. And we can go no further than the legislative power did. The power or authority of territorial courts to impose a penalty and enforce it, is not discussed in our opinion. The legal and valid form of acquiring jurisdiction is something different. The authority in whose name the violation should be prosecuted, is another point of our decision; and the more we study it, the more we are convinced that only in the name and by the authority of the United States of America, and not in the name and by the authority of the people of a State or Territory, may a violation of a federal statute be prosecuted, and the violators be brought before a federal or state court, with original and proper jurisdiction, or with concurrent jurisdiction, as the case may be.

The argument that all offenses or violations of local or federal laws are always against the peace and dignity of the people of the United States, seems to us academic and of purely scientific speculation, although in order to establish the same the special political condition of federations is forgotten, wherein the spheres of political and juridical activity of the Federal Government and of the Federal States are preserved independently as far as the covenant

and the Federal Constitution allow, and even having perhaps the same center, they have a different development in certain activities.

The appellant in this case, in opposing the present motion for rehearing has raised an interesting question which need not be decided now, but which is also incidentally referred to in the said motion, where it is said:

". . . . Once jurisdiction was granted to the insular courts to take cognizance of violations of the National Prohibition Act, the district attorneys of such courts are the ones called upon to prosecute said violations before said courts, and not the United States Attorney, who has been appointed solely and exclusively to act before the Federal Court. It is a principle generally accepted that when a court is granted jurisdiction to take cognizance of a particular matter, this carries with it the means to enforce such jurisdiction. Should the opinion of this Hon. Court prevail, it may be asserted that violations of the National Prohibition Act could not be prosecuted before our District Courts, inasmuch as the United States prosecuting attorney would have no authority to appear before them, because in accordance with section 41 of our Organic Act, they are entitled to appear solely before the Federal Court."

The comment made by the petitioner for rehearing with regard to the view point of the majority of this court and that we should consider that there are in Puerto Rico two sovereignties or jurisdictions is hard to understand, inasmuch as therein are confused the terms "sovereignty" and "jurisdiction", which do not have the same meaning in legal parlance; apart from the fact that treading upon that field is risky, and going as far as the representatives of the people of Puerto Rico have gone, exceeds the limits of the risk and exhibits some ignorance of the respect which the representatives of the parties owe the courts. We all know that, as regards sovereignty, no other exists here than that of the United States of America. On the other hand, as regards the jurisdiction of the courts, for anyone with an ordinary knowledge of what "jurisdiction" means, the case is so different, that the Congress of the United States has

considered it necessary in the Organic Act of Puerto Rico to establish and define the jurisdiction of the United States Court for Puerto Rico separately from that of the courts of the territory; and in the Act of September 21, 1922, it vested in the courts of Puerto Rico a concurrent jurisdiction which they did not have theretofore.

It continues to be perfectly plain to us that violations of a national or federal act, may only be prosecuted in the name of the sovereign or national power, the United States of America. By the above quoted law, the Nation has not deprived itself of the power to commence the prosecution. When Congress has desired to grant such power, in any measure, or in any form, or to a non-federal officer, it has done so in an unequivocal manner. In this respect section 4, Title I, of the National Prohibition Act may be quoted, the first paragraph of which reads thus:

"The United States attorney for the district where such nuisance as is defined in this Act exists, or any officer designated by him or the Attorney General of the United States, may prosecute a suit in equity in the name of the United States to abate and enjoin the same. Actions in equity to enjoin and abate such nuisance may be brought in any court having jurisdiction to hear and determine equity causes. The jurisdiction of the courts of the United States under this section shall be concurrent with that of the courts of the several States."

And in section 22, Title II, of the same act we read:

"An action to enjoin any nuisance defined in this Title may be brought in the name of the United States by the Attorney General of the United States or by any United States attorney or any prosecuting attorney of any State or any subdivision thereof or by the commissioner or his deputies or assistants."

For the reasons assigned the motion for rehearing must be denied.

Mr. Chief Justice del Toro and Mr. Justice Aldrey dissented.